### No. 345.

### VITTI v. PENNSYLVANIA CO.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4265. December 5, 1923

Middleton, Sayre and Mauck, JJ., Sitting

991. RAILROADS—Railroad operating train at unlawful speed held liable for death of prospective passenger killed while deputized police officer.

1235. VERDICT—Special verdict cannot be supplemented by the record.

MAUCK, J.

#### Epitomized Opinion

Published Only in Ohio Law Abstract

Lupe, plaintiff's decedent, had bought a ticket at defendant's station and was waiting for a train when a police office in pursuit of three men engaged Lupe to assist him. Lupe and the policeman, from the platform south of defendant's two tracks, passed through and across the baggage car of defendant's train, which was standing on the south track, and then presently went upon the north track where a west bound train of defendant's, going at the rate of fifty-five miles per hour, struck and killed them both.

An ordinance of the city limited the speed of trains here to eight miles per hour. Lupe's administrator brought this action. The jury returned a special verdict to the effect that the train that killed Lupe was traveling at a speed of more than eight miles per hour; that the engineer did not see Lupe, though it was possible to have seen him for a distance of 800 feet; that the engineer did not blow a whistle; that Lupe's death was due to these facts, to plaintiff's damage in the sum of $9,500; that Lupe was not negligent; and that Lupe was a licensee. Because of the last find-

ing the trial court rendered judgment for defendant. Plaintiff prosecuted error. Held:

The vital question is what duty did defendant owe to Lupe under these circumstances. By the great weight of authority police officers who enter on real property of another pursuant to a public duty are classed as licensees. The general rule is that the owner owes no duty to licensees except to refrain from inflicting wilful or wanton injury upon them. This rule is subject to the qualification that the licensee is entitled to such protection as would follow from obedience by the owner to safety ordinances or statutes applying to the place where the injury is incurred.

Lupe was exercising a right and performing a duty on defendant's property at the time he was killed and had a right to rely upon defendant's operation of its train in a lawful manner. Hence the finding by the jury that Lupe was a lincensee did not excuse defendant's negligence and the judgment predicated on that finding was erroneous.

The special verdict is not sufficient to support a judgment for plaintiff because it did not find that Lupe was in fact deputized by a police officer or that the negligence act of defendant was a violation of some ordinance or statute. The record of the evidence showing these facts cannot be used to supplement the findings of a special verdict. Judgment reversed and cause remanded.

Attorneys—Howell, Roberts & Duncan, for plaintiff; Squire, Sanders & Dempsey, for Railroad; all of Cleveland.